## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

GREGORY RUSS,

      Plaintiff,

vs.

      Case No.: 13-62647-CIV-ZLOCH

JIM THRELKEL FLORIST &
FOLIAGE, INC.

      Defendant.

_____/

## SETTLEMENT AGREEMENT

Plaintiff, GREGORY RUSS, ("Plaintiff") and Defendant JIM THRELKEL FLORIST & FOLIAGE, INC., ("Defendant") (Plaintiff and Defendant, collectively the ("Parties") hereby agree upon this Settlement Agreement (the "Agreement") as a settlement of all issues involved herein as follows:

1.    **No Admission of Liability.** The Parties hereto recognize and agree that Defendant, as a part of this Agreement between the Parties, denies any wrongdoing or any violation of law or any liability to Plaintiff or to anyone else as a result of or growing out of the matters set forth in the Complaint in this matter, or Plaintiff's employment relationship with Defendant (jointly referred to as "Action").

2.    **Dismissal of Pending Actions.** For and in consideration of the promises outlined in Paragraph 3 of this Agreement, Plaintiff agrees: (1) to dismiss with prejudice, or cause to be dismissed with prejudice the Action; and (2) not to re-file these causes of action or charges, or any other causes of action or charges against Defendant arising from matters that were encompassed or could have been encompassed or raised in the Action.

3.    **Consideration.** Defendant agrees to pay Plaintiff (through his counsel) the total sum of **Three Thousand and Five Hundred Dollars and No Cents ($3,500.00)**, as set forth in

paragraph 6 of this Agreement and allocated below, and other good and valuable consideration as described below.

4.    **Mutual General Release.**  In consideration of the promises and actions of the parties set out in this Agreement, and the payment of the total sum of **Three Thousand and Five Hundred Dollars and No Cents ($3,500.00)**, and other good and valuable consideration, the receipt of which is hereby acknowledged, the parties, upon receipt of all payments due, and the Court approving this Agreement, shall acquit, release, satisfy, and discharge, on their own behalf and on behalf of anyone who could claim by and through the parties, their predecessors and successors in interest, assignees, parents, subsidiaries, divisions and related companies and entities, and their past, present and future members, officers, directors, supervisors, managers, employees, agents, attorneys and representatives (hereafter collectively referred to as "Releases") including but not limited to Miami Subs of Wilton Manors, of and from, any and all claims and demands, past, present, known or unknown, and all manner of action and actions, causes of action, suits, administrative proceedings, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, torts, trespasses, damages, judgments, executions, warranties, claims and demands whatsoever, in law or in equity, which the parties and the parties' heirs, executors, administrators, agents, distributees, beneficiaries, successors in interest and assignees by reason of any matter, cause, or thing whatsoever from the beginning of the world to the execution of this Agreement including, but not limited to, any and all claims related to Plaintiff's employment with Defendant, including but not limited to, unemployment, claims under the Equal Employment Opportunity Commission ("EEOC"), Fair Labor Standards Act ("FLSA") and/or Florida labor laws which were actually asserted, or might have been asserted, in this Action. It is the intent of the parties that this mutual general release be construed as broadly as possible, and that the parties forever waive their right

to pursue any and all claims that they could have or have been raised as of the date of the execution of this settlement agreement.

   5.   **Plaintiff's Responsibility for Taxes.**   Plaintiff assumes responsibility for the payment of any and all federal, state, and local taxes or contributions which may hereafter be imposed or required to be paid by Plaintiff under any federal or state laws of any kind, with respect to the money paid by Defendant to Plaintiff pursuant to the terms of this Settlement between the Parties.

   6.   **Payment.**   As consideration for the execution of this Agreement by Plaintiff and his compliance with the conditions made herein, Defendant agrees to pay to Plaintiff and Plaintiff agrees to accept the total consideration of **Three Thousand and Five Hundred Dollars and No Cents ($3,500.00 )**, to be allocated as follows: Seven Hundred and Fifty Dollars and Zero Cents ($750.00) are attributable to Plaintiff's overtime claim, and are subject to all taxes and other withholding requirements imposed by law. Seven Hundred and Fifty Dollars and Zero Cents ($750.00) are attributable to liquidated damages for Plaintiff's overtime time, and are subject to no withholdings. Two Thousand Dollars and Zero Cents ($2,000.00) are attributable to Plaintiff's attorney's fees and costs.

   Defendant shall deposit or cause to be deposited into Defense Counsel's Trust Account the sum of $1,750.00 no later than August 14, 2014.  This sum shall remain in trust until such time as the Court approves the instant settlement agreement. Within five (5) days of the Court's approval of this Agreement, Defendant's counsel shall send the $1,750.00 sum to Plaintiff's counsel in one check made payable to CONSUMER LAW ORGANIZATION, P.A.

   Defendant shall make its second and final payment of $1,750.00 on or before September 14, 2014.  If the instant settlement agreement has been approved prior to the second payment being due, then Defendant shall make its second payment directly to Consumer Law

Organization, P.A.  Defendant may utilize a credit card to effectuate its second payment in the event that Defendant desires to do so.

In the event that the settlement agreement is approved prior to the second payment being due, Defendant shall make its second payment to Consumer Law Organization, P.A. in the amount of $1,750.00 within five (5) business days of the settlement agreement being approved. Defendant may utilize a credit card to effectuate its second payment in the event that Defendant desires to do so.

(g)    In the event that legal action is necessary to enforce any of the settlement terms, then the prevailing party shall be entitled to an award of attorney fees and costs.

*Plaintiff specifically is aware of, and agrees with, the amount of attorneys' fees and costs to be paid to his counsel for representing his interests in this matter.*

Plaintiff agrees and acknowledges that payment of the sum as set forth above shall constitute effective and sufficient consideration, receipt of which Plaintiff hereby acknowledges, for this Settlement Agreement.

7.    **Confidentiality:**

a.    This Agreement and the terms hereof, and in particular the terms providing for payments, shall not be disclosed to any third party and shall remain forever confidential.

b.    Except as may be required by law, court order, or subpoenas, neither Plaintiff nor Defendant nor any of their representatives shall disclose to any person or entity any information whatsoever regarding the manner by which the lawsuit ended other than to say that the lawsuit "has been dismissed." This restriction does not preclude the disclosure of such information by Plaintiff to any attorneys, accountants, and/or professional tax advisers with

whom they choose to consult or seek advice regarding her consideration of and decision to execute this Agreement.

        c.     Plaintiff agrees that he shall not defame, disparage, or impugn Defendant at any time to any person or entity.  Defendant likewise agrees that it shall not defame, disparage, or impugn Plaintiff at any time to any person or entity.

8.     **Employment References**: The Employer agrees that if at any time in the future it should receive inquiries concerning Employee's employment with the Employer, Employer agrees it will provide only neutral information concerning Employee's dates of employment, last position held, and salary.

9.     **Governing Law**.  This Agreement is to be construed and governed under the laws of the State of Florida, and shall bind the Parties and their respective heirs, estates, successors, and assigns.  If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable the remaining provisions shall continue in full force and effect notwithstanding. Plaintiff acknowledges and represents that he has not previously transferred, assigned, or conveyed any right or claim released in this Agreement.

10.     **Necessary Actions for Dismissal**.  Plaintiff and Plaintiff's counsel, Consumer Law Organization, P.A., covenant and agree to execute all papers and do all things necessary to voluntarily dismiss this Action with prejudice, and any related cases or charges before the Court or any other administrative agency.

11.     **Important Acknowledgments**. It is further understood and agreed that the settlement sum and the other good and valuable consideration provided for herein, are not a mere recital but are the consideration for this Agreement and all terms herein, and the full and final release effected thereby.  The parties hereby represent and warrant that they have entered into

this Agreement on their own free will and accord, and in accordance with their own judgment, and after consultation with their attorneys.

12.     **No Other Representations or Agreements.** Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the Parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement.

13.     **No Modification Except In Writing.** This Agreement cannot be modified or changed except by writing, signed by the Parties, with specific reference to this Agreement.

14.     **Execution In Counterpart.** This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement.

15.     **Retain Jurisdiction.** The Parties hereby stipulate that the court shall retain jurisdiction to enforce the terms of the Agreement should enforcement become necessary. In the event of a breach of this Agreement or in the event any action is commenced in the Court having jurisdiction over this matter concerning enforcement of the provisions of this Agreement, the prevailing part in any such action shall be entitled to an award of its reasonable attorney's fees and all costs including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

16.     Plaintiff and Defendant understand, represent, and agree that they:

   (A)     Have carefully read and fully understand all of the provisions of this Agreement;

   (B)     Knowingly and voluntarily agree to all of the terms set forth in this Agreement;

   (C)     Knowingly and voluntarily intend to be legally bound by this Agreement;

   (D)     Were advised to consider and did consider the terms of this Agreement with counsel prior to executing this Agreement; and

   (E)     Are duly authorized and have full authority to execute this Agreement.

Agreed and Accepted by:

**PLAINTIFF:**

8/22/14
Date

_Gregory Ross_
GREGORY ROSS

**DEFENDANT:**

8-25-14
Date

JIM THRELKEL FLORIST & FOLIAGE, INC.

_Jeff Sophir_
Print Name of Authorized Representative